PHILIP DOMBROFF, Plaintiff, *v.* SALLY GILLMAN, Defendant.

Supreme Court, Special Term, Kings County, December 5, 1945.

*Benjamin Weberman* for plaintiff.

*Bernhard W. Baruch* for defendant.

DALY, J.  A tenant in an action brought to restrain his landlord from bringing any proceedings to dispossess him moves for a temporary order restraining the defendant "from continuing her summary proceedings to compel the plaintiff to vacate the premises."

The record shows that the defendant owns a building which consists of three stories, the first story of which is occupied by the plaintiff for purposes of manufacturing and the second and third stories are used for residential purposes.

On September 25, 1945, the Department of Housing and Buildings placed the following violation against the premises because of the plaintiff's occupancy: "occupying the first story of described premises as a factory which is contrary to art. 2 of the building zone resolution.  Building is located in a residential zone.  Manufacturing stationery supplies, four persons.  Note: — This above use is also contrary to use as per certificate of occupancy No. 46225.  Remedy: — You are hereby directed to discontinue the use of the first story for factory use."

On September 29th a letter was written to the plaintiff informing him of the foregoing violation and requesting the

discontinuance immediately of the use of the premises for the purposes of manufacturing. Notwithstanding this letter the tenant continued to manufacture and thereafter on October 17, 1945, another letter was sent to him which states in part: "We do not object to your tenancy provided you discontinue manufacturing and use the said premises for non-commercial purposes." Thereafter the landlord appeared before the Department of Housing relative to the violation and was given ten days in which to remove it. Whereupon he commenced summary proceedings against the tenant, the petition in which was dismissed as defective. Thereafter on November 15th the landlord was served with a Magistrate's Court summons, returnable November 29, 1945, for the violation of the Administrative Code of the City of New York. A new summary proceeding was instituted against the tenant whereupon the instant application was made by an order to show cause containing a temporary stay. The defendant appeared in the Magistrate's Court and pleaded guilty to the violation of the zoning ordinance. Sentence was postponed pending the outcome of the summary proceedings.

The plaintiff urges that if a proper application were filed before the Board of Standards and Appeals and the defendant directed to execute the necessary authorization and consent in connection therewith, a variation permitting the use of the first floor of the premises for manufacturing purposes would readily be granted, and that from the conduct of the defendant it is apparent that she is attempting to wrongfully oust the plaintiff from the premises. The court finds no basis upon the record as it is presented to justify interference with the dispossess proceeding which is predicated upon a violation duly filed by the municipal authorities. It was said in *Six-Ten Corp.* v. *Oppell* (186 Misc. 628) : " The tenant's occupancy of the basement apartment is in violation of law. It thus became the duty of the landlord, after due notice from the Department of Housing and Buildings of the City of New York, to remove the tenant. * * * The fact that the landlord's predecessor in title permitted the occupancy under a lease is not binding on the present landlord, nor may it override the provisions of law."

Since the landlord was under duty to take steps to remove the tenant because of the violation, it is difficult to see the basis upon which the landlord can be restrained from performing that duty. It follows that the motion for a temporary injunction must be denied. Submit order.